**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

ZACHARY THOMAS WARD,

     Plaintiff,

-vs-                                CASE NO.

EXPERIAN INFORMATION
SOLUTIONS, INC. and JPMORGAN
CHASE BANK, N.A.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, ZACHARY THOMAS WARD (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and JPMORGAN CHASE BANK, N.A. ("Chase Bank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this District as Plaintiff is a resident in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

8. Plaintiff is a natural person and resident of Rutherford County in the State of Tennessee.

9. Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Tennessee through its registered agent, C T Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Chase Bank is an FDIC insured national bank headquartered in the State of New York, authorized to conduct business in the State of Tennessee through its registered agent, C T Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.

13. Chase Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14. Chase Bank furnished inaccurate information about Plaintiff to the CRAs.

## <u>FACTUAL ALLEGATIONS</u>

15. Plaintiff has a line of credit account with Chase Bank for a Chase Freedom credit card, partial account number 414720********** (hereinafter "Chase Account").

16. On or about October 11, 2022, Plaintiff made a payment to the Chase Account in the amount of $4,815.43 leaving a zero balance.

17. After sending payment, Plaintiff decided to discontinue use of his Chase Account.

18. On or about May 2023, Plaintiff became aware of numerous unauthorized international charges and foreign transaction fees to the Chase Account totaling over $10,000.

19. Immediately, Plaintiff contacted Chase Bank to dispute the unauthorized charges.

20. In response to the dispute, Chase Bank credited back all the unauthorized charges to the Chase Account that resulted in a credit of over $7,000 to appear on the Chase Account.

21. Shortly after the credit appeared, Plaintiff contacted Chase Bank to confirm that amount was correct, and Chase Bank verified the credit was accurate. Accordingly, Plaintiff initiated a balance transfer to another credit card account to utilize the credit.

22. However, on or about June 18, 2023, without explanation, Chase Bank reversed the credits resulting a balance of over $18,000 on the Chase Account.

23. Shortly thereafter, Plaintiff contact Chase Bank to dispute the reversal of the credit, and Chase Bank stated they determined the charges were not fraudulent due to Plaintiff not reporting it immediately.

24. In or about July 2023, Plaintiff contacted Experian and disputed the Chase Account. Plaintiff explained that the charges were fraudulent and not authorized by him and the reported balance of over $18,000 was inaccurate.

4

25.     Plaintiff did not receive a response from Experian. However, upon a recent review of his credit, Plaintiff observed a comment that indicated his dispute of the Chase Account was previously in dispute, the investigation was completed, and the account was verified.

26.     Experian failed to conduct an independent investigation and merely parroted back erroneous information it received from the furnisher, Chase Bank. Experian never attempted to contact Plaintiff during the alleged investigation.

27.     Upon information and belief, Experian notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

28.     Not knowing what else to do, on or about July 26, 2023, Plaintiff filed a police report with the Rutherford County Sheriff regarding the fraud.

29.     On August 22, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 230822-11822140.

30.     In the CFPB report, Plaintiff detailed the fact that there were several unauthorized charges on his Chase Account which Chase Bank initially credited and then reversed the credit because he did not report it immediately and he requested an investigation.

31.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

32.     Upon information and belief, Experian failed to review the CFPB complaint that Plaintiff filed and continued to report the Chase Account inaccurately on his credit report.

33.     On August 22, 2023, Plaintiff obtained copies of his Experian credit report. Upon review, Plaintiff observed that the Chase Account continued to be reported with the erroneous balance of $18,411.

34.     In response to the continued inaccurate reporting, on September 13, 2023, Plaintiff mailed a detailed written dispute letter to Experian. In the letter, Plaintiff explained that he was a victim of identity theft and that the fraudulent charges did not belong to him. Included in the letter was a copy of his driver's license and social security card to confirm his identity. Plaintiff also included images from his credit report of the erroneous reporting, a copy of his filed CFPB Complaint, and other supporting documents.

35.     Plaintiff mailed his dispute letters to Experian via USPS Certified Mail, tracking number 9589 0710 5270 0947 2835 32.

36.     Plaintiff has confirmation that his dispute letter to Experian was delivered on September 16, 2023. However, as of the filing of this Complaint, Experian has not attempted to contact Plaintiff and has not sent any results.

37.     As of the filing of this Complaint, Experian continues to report negative and inaccurate information on Plaintiff's credit report regarding the Chase Account, and Plaintiff's damages are on-going.

38.     Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct

a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

39. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions and/or inactions;

    iv. Reduction in credit score;

    v. Loss of the benefit of lower interest rates;

    vi. Apprehensiveness to apply for credit due to the fear of rejection; and

    vii. Defamation as Defendants published Plaintiff's inaccurate information to third parties.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

40. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

7

41.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

42.    Experian allowed for a Furnisher to report inaccurate information on an account.

43.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

44.    As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

45.    The conduct, action, and inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

46.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of 15 U.S.C § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

47.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

48.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Experian allowed for a Furnisher to report inaccurate information on an account.

50.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.     As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

52.     The conduct, action, and inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

53.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT III**</u>
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

54.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

55.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

56.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase Bank.

57.     Experian never attempted to review the CFPB complaint filed by Plaintiff, nor contact Plaintiff about it.

58.     As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

59.     The conduct, action, and inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

60.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTION, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

61.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

62. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

63. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Chase Bank.

64. Experian never attempted to review the CFPB complaint filed by Plaintiff, nor contact Plaintiff about it.

65. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

66. The conduct, action, and inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTION, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Defendant, JPMorgan Chase Bank, N.A. (Negligent)

68.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

69.     Chase Bank furnished inaccurate information about Plaintiff to the CRAs, including but not limited to Experian, and through those companies, to all of Plaintiff's potential lenders.

70.     After receiving Plaintiff's disputes, Chase Bank violated 15 U.S.C. § 1681s-2(b) by: (1) failing to fully and properly investigate Plaintiff's disputes; (2) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (3) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (4) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

71.     Plaintiff provided all the relevant information and documents necessary for Chase Bank to determine that it was furnishing inaccurate information. Chase Bank did not have a reasonable basis to believe that the account balance it furnished regarding Plaintiff was accurate.

72.     Instead, Chase Bank knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the account information was accurate.

73.     As a direct result of this conduct, action and/or inaction of Chase Bank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

74.     The conduct, action, and inaction of Chase Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

75.     Plaintiff is entitled to recover costs and attorney's fees from Chase Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **COUNT VI**

## Violations of 15 U.S.C. § 1681s-2(b)
## as to Defendant, JPMorgan Chase Bank, N.A. (Willful)

76.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-nine (39) above as if fully stated herein.

77.     Chase Bank furnished inaccurate information about Plaintiff to the CRAs, including but not limited to Experian, and through those companies, to all of Plaintiff's potential lenders.

78.     After receiving Plaintiff's disputes, Chase Bank violated 15 U.S.C. § 1681s-2(b) by: (1) failing to fully and properly investigate Plaintiff's disputes; (2) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (3) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (4) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

79.     Plaintiff provided all the relevant information and documents necessary for Chase Bank to determine that it was furnishing inaccurate information. Chase Bank did not have a reasonable basis to believe that the account balance it furnished regarding Plaintiff was accurate.

80.     Instead, Chase Bank knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the account information was accurate.

81.     As a direct result of this conduct, action and/or inaction of Chase Bank, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and inaction of Chase Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83.    Plaintiff is entitled to recover costs and attorney's fees from Chase Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ZACHARY THOMAS WARD, respectfully requests judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and JPMORGAN CHASE BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of September 2023.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*